IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PHILLIP McDANIEL                                                                                    PLAINTIFF

V.                                    CIVIL NO. 1:14-cv-01042-SOH-BAB

JAILER SLADE NICHOLSON; NATHAN GREELEY
(Jail Administrator, Ouachita County Detention
Complex)                                                                                                DEFENDANT

# AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Phillip McDaniel, pursuant to 42 U.S.C. § 1983. ECF No. 2. Plaintiff is currently incarcerated at the Arkansas Department of Correction ("ADC") Cummins Unit. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant Greeley's First Motion to Dismiss. ECF No. 16. After careful consideration the Court makes the following Report and Recommendation.

**I.      BACKGROUND**

Plaintiff filed his Complaint on June 25, 2014 in the Eastern District of Arkansas. ECF No. 2. The Eastern District properly transferred the case to this Court on April 4, 2013. ECF No. 6. In his Complaint, Plaintiff names Jailer Nicholson and Jail Administrator Nathan Greeley as Defendants in both their official and personal capacities. ECF No. 2, p. 2.

1

Plaintiff alleges on May 15, 2014, he was an inmate at the Ouachita County Detention Complex ("OCDC") when Defendant Nicholson brought him a meat breakfast tray instead of the vegetarian tray he is supposed to get due to his colitis. ECF Nos. 2, 37. Defendant Nicholson left the tray with Plaintiff and went to get a vegetarian tray. Defendant Nicholson returned and told him he would not get the vegetarian tray. Plaintiff alleges that Defendant Nicholson knew Plaintiff was to get a vegetarian tray, because Plaintiff had ordered a "chili cheese coney" the day prior, and Defendant Nicholson had refused to bring it because Plaintiff was on a no meat diet. ECF No. 2, p. 4.

Plaintiff states he was Tazed by Defendant Nicholson when he dropped the meat tray on the floor but made no aggressive movement toward Defendant Nicholson. ECF No. 2, p. 4.

Plaintiff alleges Defendant Greeley saw the two holes from the Tazer bleeding and did not try to get him any medical attention. Plaintiff alleges he complained of chest pain, and Defendant Greeley got Plaintiff's nitroglycerin pills to take one. He also complained of stomach pain. Plaintiff alleges that despite the complaints, Defendant Greeley did not try to get him any medical attention. ECF No. 37.

Plaintiff states he was transferred to the ADC Cummins Unit about 20-30 minutes after the Tazing incident. ECF No. 37. He states he was seen by a doctor at the ADC Cummins Unit, but had to pay for the medical treatment. ECF. No. 37. As a result pain from the Tazing, Plaintiff alleges he needed a shot in the hip and Tylenol 3. ECF No. 2, p. 4.

On June 8, 2014 Plaintiff was transferred back to OCDC. When he arrived he was given a sack lunch for "last chow" at the end of the day. This consisted of a cookie, chips, and a meat sandwich. He alleges that he received a meat sandwich for dinner until June 11, 2014, when he was

2

transferred back to the ADC Cummins Unit. He further alleges that he was kept in a holding cell so that no one could see that he was not getting proper food. In the holding cell he was not permitted hygiene privileges such as a shower, toothbrush, or toothpaste. ECF No. 2., p. 5. He also alleges he was denied his one hour of recreation while he was in OCDC from June 8 to June 11, 2015. ECF No. 37.

Plaintiff states he filed a grievance but was not able to complete the appeals process for two reasons. First, Defendant Nicholson refused to give him the forms. Second, while he was at ADC Cummins, he was told that the forms there would not work for the County Jail. ECF No. 2, p. 3. Plaintiff requests monetary damages. ECF No. 2, p. 6.

Plaintiff filed a Amended Complaint on October 22, 2014, but appears to have added no additional factual allegations to the Complaint. ECF No. 11.

Defendant Greeley filed his First Motion to Dismiss and Brief in Support on February 27, 2015. Defendant Greeley argues that the case should be dismissed against him pursuant to FRCP 12(b)(6). ECF No. 16,17.

Plaintiff was Ordered to complete an Addendum to clarify where he was held, where the incidents occurred, and to specify what actions by Defendant Greeley violated his consitutional rights. ECF No. 33. His Addendum was filed on July 20, 2015. ECF No. 37.

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

**III. DISCUSSION**

Defendant Greeley argues this case should be dismissed for two reasons: 1) Plaintiff's official capacity claim is based on *respondeat superior*; and 2) Plaintiff cited no personal involvement by Defendant Greeley that would establish individual liability. ECF No. 17.

Under section 1983, a defendant may be sued in either his individual capacity, or his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must

4

be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

An official capacity claim against Defendant is essentially a claim against Ouachita County. Plaintiff has not made any allegations or presented any facts showing his consitutional rights were violated as the result of a Ouachita County policy or custom enforced by Defendant Greeley. Therefore, there is nothing in the Complaint to support an official capacity claim.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). In other words, Defendant Greeley cannot be held liable merely because he supervised the individual allegedly responsible for violating Plaintiff's constitutional rights. *Id.; see also Mark v. Nix,* 983 F .2d 138, 139–40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility). In this case, Plaintiff failed to allege any facts supporting the personal involvement or responsibility of Defendant Greeley concerning anything that occurred during his June stay at OCDC.

However, Plaintiff did allege that he had open and bleeding Tazer wounds, and complained of chest and stomach pain to Defendant Greeley. While Defendant Greeley provided him with his

5

requested nitroglycerin pills,[1] he failed to seek medical care for him, and instead had him transported to the ADC Cummins Unit. Plaintiff alleged that when he was treated at the ADC Cummins unit, he required a shot in the hip and Tylenol 3 for pain as a result of the Tazing. Plaintiff has therefore alleged medical conditions apparent to a layperson, and a delay in care for those conditions. Because Defendant Greeley denied medical care to a known cardiac patient who had just been Tazed and was complaining of chest and stomach pain, Plaintiff has alleged sufficient facts to survive a motion to dismiss. *See Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (noting that "a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

IV.  **CONCLUSION**

Accordingly, I recommend Defendant Greeley's Motion to Dismiss (ECF No. 16) be **GRANTED** as to the official capacity claims, and **DENIED** as to the individual capacity claims.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of August 2015.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Nitroglycerin is a commonly-known nitrate vasodilator indicated for acute relief of an attack or prophylaxis of angina pectoris (chest pain) due to coronary artery disease. http://www.pdr.net/drug-summary/nitrolingual?druglabelid=3340&id=3237

7