IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


PHILLIP MCDANIEL                                                                                    PLAINTIFF

v.                                   Case No. 1:14-cv-01042

NATHAN GREELEY, *et al.*                                                                       DEFENDANTS

### **ORDER**

Plaintiff Phillip McDaniel submitted this *pro se* action for filing on June 25, 2014, in the Eastern District of Arkansas. ECF No. 2. The case was properly transferred to this District on August 6, 2014. ECF No. 6. Currently before the Court is Plaintiff's failure to prosecute this case.

On two different occasions, mail sent to Plaintiff was returned as undeliverable because Plaintiff had been paroled.[1] On January 27, 2016, the Court entered an Order changing Plaintiff's address to the home address he provided to the detention center when he was booked.[2] ECF No. 53. The Order was returned as undeliverable on February 16, 2016, indicating "no such number" for the address. ECF No. 58.

On February 11, 2016, Defendants filed a Motion to Dismiss. ECF No 55. Defendants stated that they were unable to effect service of their Notice of Deposition on Plaintiff because Plaintiff had failed to keep the Court and Defendants apprised of his current address. ECF No. 55. On June 16, 2016, the Court entered a Show Cause Order directing Plaintiff to show cause

---

[1] The Initial Scheduling Order was entered on January 13, 2016. ECF No. 49. This was sent to the Arkansas Department of Correction, Cummins Unit. It was returned on January 26, 2016. The Amended Initial Scheduling Order was entered on January 25, 2016, and was also sent to the Cummins Unit. ECF No. 51. It was returned as undeliverable on February 1, 2016.

[2] This address is as follows: 702 2nd Street, Hot Springs, AR, 71913.

why his case should not be dismissed for failure to keep the Court informed of his current mailing address. Plaintiff did not respond to the Show Cause Order, and the Order was returned as undeliverable on June 27, 2016. Plaintiff has not communicated with the Court since September 18, 2015.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice**.** Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of a court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with the Court's Order to Show Cause. Plaintiff has also failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure

41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED**, this 14th day of July, 2016.

                                             /s/ Susan O. Hickey
                                             Susan O. Hickey
                                             United States District Judge